UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William Alexander Parks

   v.                                         Civil No. 07-cv-173-PB

Town of Hampton Falls,
New Hampshire, et al.

**REPORT AND RECOMMENDATION**

     Pro se plaintiff William Alexander Parks brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging violations under the Fourth and Fourteenth Amendments to the United States Constitution (document no. 1). Named as defendants are the Town of Hampton Falls, New Hampshire ("Town of Hampton Falls"), the Rockingham County Department of Corrections ("RCDOC") and Albert J. Wright, Superintendent of the RCDOC.

     The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I find that Parks has alleged Fourth and Fourteenth Amendment claims for false arrest against the unnamed arresting officer employed by

the Town of Hampton Falls.  I further find that he has alleged a Fourth and Fourteenth Amendment claim for false imprisonment against Wright.  I recommend dismissal of all remaining claims.

## Standard of Review

Under this Court's local rules, when a nonincarcerated plaintiff commences an action both pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  See Ayala Serrano v. Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied,

Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," but not "bald assertions" or "unsupportable conclusions," must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Parks is an individual who resides in Uncasville, Connecticut. This action stems from an incident on June 15, 2005 that occurred in Hampton Falls, New Hampshire and allegedly resulted in his false arrest and false imprisonment. On that evening at 7:00 p.m., Parks was driving through the Town of Hampton Falls and allegedly was falsely arrested for felony stalking. During the arrest, Parks claims, he was assaulted at gunpoint, even though it was obvious that he was not possession of any weapon or contraband. He further claims that he was man-

handled by the arresting officer and that he hit his head and sustained a large bruise on his upper left arm while being placed into the police car.  His injuries allegedly were documented by medical personnel at the RCDOC.

Following the arrest, Parks was transported to the RCDOC where he was detained for six months.  During Parks' detention, prison officials allegedly failed to protect him on numerous occasions when he was assaulted by other inmates with urine and feces.  Parks further alleges that he was placed in the punitive housing unit where he was permitted only two hours of out-of-cell time each day.  He allegedly was denied recreational privileges afforded to prisoners in the general prison population, who received several hours of out-of-cell time and recreation each day.

On December 16, 2005, the New Hampshire Superior Court (Rockingham County) dismissed the charges of felony stalking and resisting arrest issued against Parks.  As a result of his false arrest and false imprisonment that lasted six months in duration, Parks allegedly sustained physical injuries and emotional trauma, including severe anxiety and depression for which he continues to receive comprehensive treatment from the State of Connecticut and

Department of Veterans Affairs.  He also sustained financial harm, including lost wages from June 15, 2005 through December 2005.  Parks now brings this action pursuant to Section 1983, alleging that defendants' acts and omissions rise to the level of constitutional deprivations.

## Discussion

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  The premise of Parks' Section 1983 action is that defendants subjected him to false arrest and false imprisonment in violation of his rights under the Fourth[1]

---

[1]The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment. He further alleges that during his detention, prison officials denied him certain recreational privileges and failed to protect him from assaults by other inmates.

A.  False Arrest

Parks alleges that he was falsely arrested in violation of his constitutional right to be secure in his person as guaranteed by the Fourth and Fourteenth Amendments. Construed liberally, the complaint appears to allege that Parks was arrested without a warrant and without probable cause and that his arrest and subsequent detention, therefore, violated his rights under the Fourth and Fourteenth Amendments. Parks alleges claims of false arrest and false imprisonment.[2]

---

>   probable cause, supported by Oath or affirmation,
>   and particularly describing the place to be
>   searched, and the persons or things to be seized.

[2]To the extent that Parks intends to cite the lack of probable cause for his arrest as the reason for a constitutional violation, his allegations are appropriately viewed as stating a claim for a violation of his right to be free from an unreasonable seizure. Pena-Borrero v. Estremeda, 365 F.3d 7, 12 n.8 (1st Cir. 2004) (citing Camilo-Robles v. Hoyos, 151 F.3d 1, 6 (1st Cir. 1998)) ("The right to be free from unreasonable seizure (and, by extension, unjustified arrest and detention) is clearly established in the jurisprudence of the Fourteenth Amendment

Claims of false arrest and false imprisonment are cognizable under the Fourth Amendment's guarantee of an individual's "right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Pena-Borrero, 365 F.3d at 12; see Graham v. Connor, 490 U.S. 386, 394 (1989).  "The constitutionality of a warrantless arrest 'depends . .. upon whether, at the moment the arrest was made, the officer . . . had probable cause to make it.'"  Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)).  Probable cause to make an arrest exists if the facts and circumstances of which the arresting officer is aware "are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed" by the arrestee.  Logue, 103 F.3d at 1040.

Here, Parks alleges that on June 15, 2005, he was stopped by the police while driving through the Town of Hampton Falls and was falsely arrested for felony stalking.  During the arrest, Parks allegedly was assaulted at gunpoint and man-handled, even though it was obvious that he was not possession of any weapon or contraband.  He further alleges that he was arrested for simply

---

(through which the Fourth Amendment constrains state action).").

driving through the Town of Hampton Falls.  While the precise facts surrounding Parks' arrest are unclear, construed liberally the complaint alleges that no timely and appropriate determination of probable cause was made in his case.  The complaint further alleges that when an impartial judicial officer finally reviewed his case, she determined that no charge had been stated against Parks and dismissed his case.  If true, these allegations may state a cognizable Fourth Amendment claim for false arrest against the unnamed arresting officer.[3]

---

[3]If Parks wishes to pursue claims against the unnamed arresting officer, he will have to obtain the defendant's full name through discovery and appropriately move to amend the complaint.  He can serve the named defendants with interrogatories to obtain the full name of the unnamed defendant pursuant to Fed. R. Civ. P. 33(a), which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Parks is further instructed to forward a summons to this Court with the unnamed defendant's proper name.

B.   False Imprisonment

Parks alleges that due to his unconstitutional arrest, he was incarcerated for six months before the charges against him were dismissed. As a result of being detained for that period, he allegedly was falsely imprisoned in violation of his Fourth and Fourteenth Amendment rights.

The Fourth Amendment requires that the States provide "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty . . . probable-cause determination 'must be made by a judicial officer either before or promptly after arrest.'" Baker v. McCollan, 443 U.S. 137, 142-43 (quoting Gerstein v. Pugh, 420 U.S. 103, 125 (1975)). Here, Parks alleges that due to his unconstitutional arrest, he was held in custody by the RCDOC for six months before the charges against him were dismissed. To the extent he intends to state a false imprisonment claim based on allegations of improper detention, I find that he has alleged the minimum facts necessary to state a claim against Wright.

C.   Failure to Protect

Because Parks was a pretrial detainee at all times relevant to this action, his claims challenging the conditions of his

confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002) (holding that pretrial detainees are protected under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment, but are afforded the same Eighth Amendment standards). "A pretrial detainee's claim that he has been subjected to unconstitutional conditions of confinement implicates Fourteenth Amendment liberty interests." Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005). "The parameters of such an interest are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment." Id. (citing Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002)).

Construed liberally, the complaint alleges that the RCDOC abridged Parks' Fourteenth Amendment rights by failing to protect him from attacks by other inmates. Prison officials have an obligation to protect prisoners from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the

victim's safety." Id.  "Rather, liability attaches only when two requirements are met". Espaillat v. Mousseau, Civ. No. 03-338-SM, 2004 WL 2915287, slip op. at *2 (D.N.H. Dec. 16, 2004). First, the alleged deprivation must be objectively serious, that is, showing that the inmate is incarcerated under conditions posing a substantial risk of serious harm.  See Burrell, 307 F.3d at 7-8 (citation omitted).  Second, the official involved must have had a sufficiently culpable state of mind, described as "deliberate indifference" to inmate health or safety.  Id.  "[A] prison official 'cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Espaillat, Civ. No. 03-338-SM, 2004 WL 2915287, slip op. at *2 (citing Farmer, 511 U.S. at 837).

Here, Parks alleges that while detained at the RCDOC, prison officials failed to protect him on numerous occasions when he was assaulted by other inmates with urine and feces.  First, Parks has not identified any conditions posing a substantial risk

of serious harm, and the record is silent as to the nature and extent of the injuries, if any, sustained by him during each attack.  Second, Parks has not alleged that he reported the attacks or that any defendant had knowledge of the risk of attack.  He has not identified any defendant that failed to protect him or failed to provide adequate supervision to ensure his safety.  Accordingly, I conclude that Parks has failed to allege sufficient predicate facts to state a cognizable Fourteenth Amendment claim premised upon the failure to protect and therefore recommend that this claim be dismissed in its entirety.

    D.   <u>Equal Protection</u>

Construed liberally, the complaint alleges that Parks, a pretrial detainee housed in the punitive unit, was denied the same amount of recreational time as that afforded to inmates in the general prison population.  This difference in treatment allegedly violated his right to equal protection under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment mandates that similarly situated persons be treated alike absent a rational basis for doing otherwise.  <u>See</u> <u>City of Cleburne v.</u>

Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985)(citations omitted); accord Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(recognizing equal protection claim where plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment).  In the prison context, the Equal Protection Clause of the Fourteenth Amendment forbids a state from arbitrarily treating one group of prisoners worse than another.  Anderson v. Romero, 72 F.3d 518, 526 (7th Cir. 1995); see also Young v. King County, 70 Fed. Appx. 939, 941 (9th Cir. 2003) (unpublished) (holding that the Equal Protection Clause "does not allow pretrial detainees to be *unjustifiably* held in conditions worse than those under which convicted prisoners are held.").  The Equal Protection Clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."  May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000).  However, "[p]rison officials may differentiate based on legitimate penological concerns, such as security, and are accorded substantial deference in such matters."  Davis v. Milwaukee County, 225 F. Supp. 2d 967, 980 (E.D. Wis. 2002)(citations omitted).

The complaint in this action alleges that Parks, a pretrial detainee housed in the punitive unit, was given less out-of-cell and recreation time than that afforded to inmates in the general prison population.  Parks concedes that he was placed in punitive segregation and has not alleged that the RCDOC lacked a reasonable basis or any justification for placing him there. There is no indication that the alleged difference in treatment was not based on a legitimate penological concern.  In addition, there is no indication that Parks reported the alleged difference in treatment to any prison official employed by the RCDOC.  Nor is there any indication that the defendants were aware of his complaints or failed to remedy the problem.  Accordingly, for purposes of preliminary review, I conclude that Parks has failed to allege sufficient facts to state a cognizable Fourteenth Amendment equal protection claim and recommend that this claim be dismissed in its entirety.

II.  <u>Municipal Liability and Official Capacity</u>

Construed liberally, the complaint names the RCDOC and Town of Hampton Falls as defendants in this action.  Municipalities and local government entities are "persons" within the meaning of Section 1983.  <u>See</u> <u>Monell</u>, 436 U.S. at 690.  A municipal entity

cannot be held liable under Section 1983 on a theory of *respondeat superior* or vicarious liability; rather the municipality itself must proximately cause the constitutional injury, through promulgation or tacit approval of a policy or custom.  See City of Canton v. Harris, 489 U.S. 378, 385 (1989).  To state a viable Section 1983 claim, a plaintiff must allege in substance that the challenged municipal custom or policy was the "moving force" behind the constitutional violations.  See Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997); McCabe v. Life-Line Ambulance Serv., 77 F.3d 540, 544 (1st Cir. 1996) (citations omitted).

If Parks intends to pursue claims against the RCDOC and the Town of Hampton Falls he must, at a minimum, allege that his constitutional deprivations were the product of a municipal custom or policy.  Even liberally construing the complaint, I cannot reasonably conclude that the wrongful conduct ascribed to the defendants was the product of any unconstitutional municipal custom or policy.  Instead, the complaint plainly alleges that the wrongful conduct to which Parks was subjected resulted from the actions taken by individual defendants and not as the result of a policy statement, ordinance, regulation or officially

adopted decision.  See Monell, 436 U.S. at 690.  Nothing in the complaint demonstrates how either defendant was the "moving force" behind the actions or omissions the defendants. Accordingly, I conclude that the complaint fails to state a viable claim premised upon municipal liability and, therefore, recommend dismissal of the federal claims against the RCDOC and the Town of Hampton Falls.

Construed liberally, the complaint names Wright in his official capacity as an employee of the RCDOC.  Official capacity suits against officers of an agency are simply "another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55.  See also Brandon v. Holt, 469 U.S. 464, 471 (1985)(suits against parties in their official capacities treated as suits against the municipality).  Because I find no municipal liability as to the RCDOC, I extend that reasoning to Wright and conclude that any official capacity claims against him must fail.

## Conclusion

For the reasons stated above, I find that Parks has alleged Fourth and Fourteenth Amendment claims for false arrest against the unnamed arresting officer employed by the Town of Hampton

Falls.  I further find that he has alleged a Fourth and Fourteenth Amendment claim for false imprisonment against Wright.  I recommend dismissal of all remaining claims.  By separate order issued simultaneously with this report and recommendation, I authorize the above viable claims to proceed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: October 17, 2007

cc:   William Alexander Parks, pro se