UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>William Alexander Parks</u>,

          v.                    Civil No. 07-cv-173-JL

<u>Town of Hampton Falls</u>,
<u>Superintendent Al Wright</u>


**O R D E R**


     Before the court is the plaintiff's motion to extend the
deadline to amend his complaint, and to have the case reassigned
to the Magistrate Judge.  For the following reasons, the
plaintiff's motions are denied.

     On June 11, 2007, William Parks, proceeding pro se, filed
his original complaint.[1]  The court approved a discovery plan
establishing February 1, 2008 as the deadline for moving to amend
pleadings.  On the day before that deadline, Parks moved for, and
was granted, an extension until May 1, 2008.  Parks again failed
to meet the deadline, and Parks now moves for a second extension.
The defendants have objected.

_____

     [1]  Much of Parks' original complaint was dismissed on
December 10, 2007, after the court approved the Magistrate
Judge's Report and Recommendation.  Parks failed to object to the
Report and Recommendation, even after being granted an extension
of time to do so.

After a responsive pleading has been served, a party may
amend his complaint "only with the opposing party's written
consent or the court's leave."  Fed. R. Civ. P. 15(a); see also
L.R. 15.1.  Leave to amend "shall be freely given when justice so
requires."  Id.  The Supreme Court, however, has recognized
"undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by
virtue of allowance of the amendment, [and] futility of
amendment" as proper grounds for denying leave to amend.  Foman
v. Davis, 371 U.S. 178, 182 (1962).  Where "considerable time has
elapsed between the filing of the complaint and the motion to
amend, the movant has the burden of showing some valid reason for
his neglect and delay."  Acosta-Mestre v. Hilton Int'l, 156 F.3d
49, 52 (1st Cir. 1998).

Al Wright, the defendant, has objected to the extension,
arguing that an amendment to the complaint at this late stage of
the proceedings would be unduly prejudicial to his defense.
Specifically, Wright asserts that, with the deadline for summary
judgment quickly approaching on September 1, 2008, he has already
"researched the applicable case law, gathered the relevant
evidence, and is presently preparing summary judgment filings."
An amendment at this point would "effectively create a moving

2

target, and force him to abandon his current summary judgment work product, await a new Complaint, and work on new summary judgment filings." Ultimately, Wright argues that "[t]he pleadings, at some point, must be deemed fixed so that the defendant can conduct the defense of his case." For his part, Parks argues that an extension is warranted as he has been receiving treatment for health issues related to Post Traumatic Stress Disorder, depression, and anxiety.

Over 14 months have elapsed since the complaint was first filed. It has been over four months since the discovery order's deadline to amend has expired. Parks has already been provided ample time to amend his complaint, but has not moved to amend or filed a proposed amended complaint. See L.R. 15.1 (requiring that proposed filing be attached to motion to amend). Allowing Parks to amend his complaint at this late date, just weeks prior to the deadline for summary judgment, would unduly prejudice the defendants. See Fed. R. Civ. P. 15(a); Acosta-Mestre, 156 F.3d at 51.

Park's motion to have the case reassigned to the Magistrate Judge is denied without prejudice to its refiling with the consent of all parties to this litigation. See 28 U.S.C. § 636 (permitting assignment to magistrate only with consent of the parties).

3

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:      August 26, 2008

cc:         William Alexander Parks, pro se
            Michael A. Ricker, Esq.